IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

AARON OLAF ORTEGA GONZALEZ,

          Case No. 6:25-cv-00622-MC

        Plaintiff,               OPINION & ORDER

       v.

KRISTI NOEM, Secretary of the Department
of Homeland Security; U.S. DEPARTMENT
OF HOMELAND SECURITY; TODD LYONS,
Acting Director of Immigration and Customs
Enforcement; and U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT,

        Defendants.
_____

MCSHANE, Judge:

Plaintiff Aaron Olaf Ortega Gonzalez alleges that Defendants unlawfully terminated his

F-1 student status in the Student Exchange Visitor Information System (SEVIS), terminating his

authorization to work and study in the United States. Compl. ¶¶ 1, 3, ECF No. 1.  He seeks a

temporary restraining order (TRO) restoring his status. Mot. TRO, ECF No. 9. For the reasons

discussed below, Plaintiff's Motion for a Temporary Restraining Order is GRANTED.

The standards for issuing a temporary restraining order are similar to those required for a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D. Cal. 1995). A plaintiff seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008). When the government is a party, as here, the third and fourth factors merge. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).

Mr. Ortega Gonzalez has a shown a likelihood of success on the merits of his Administrative Procedures Act claim (Count 2), which alleges that Defendants unlawfully terminated his F-1 student status in SEVIS.[1] On the record before the Court, where Defendants cannot explain a reason for the termination, Mr. Ortega Gonzalez is likely to show that the termination of his F-1 student status was not in compliance with 8 C.F.R. § 214.1(d), and was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

---

[1] Defendants argue that Plaintiff's student status was not terminated, but that instead only his SEVIS record was terminated, citing the declaration of Andre Watson, the Assistant Director of the National Security Division for Homeland Security Investigations. Watson Decl., ECF No. 13. On this record, the Court does not see the distinction. DHS's own website notes:
> When an F-1/M-1 SEVIS record is terminated, the following happens:
> > Student loses all on- and/or off-campus employment authorization.
> > Student cannot re-enter the United States on the terminated SEVIS record.
> > Immigration and Customs Enforcement (ICE) agents may investigate to confirm the departure of the student.
> > Any associated F-2 or M-2 dependent records are terminated.

https://studyinthestates.dhs.gov/sevis-help-hub/student-records/completions-and-terminations/terminate-a-student.

2 – OPINION AND ORDER

Mr. Ortega Gonzalez has also shown that he will face irreparable harm without injunctive relief. When his status was terminated, he lost his work authorization and could no longer continue his research, which depends on regularly collecting data; that data is irreplaceable. Mr. Ortega Gonzalez has lost his sole source of income, cannot continue his studies, and is "at serious risk of immediate arrest and detention for removal proceedings." Compl. ¶ 40.

Finally, the balance of equities weighs in Mr. Ortega Gonzalez's favor. Defendants asked for more time so they could investigate the matter, but they did not identify any hardship that would arise from restoring Mr. Ortega Gonzalez's student status in the meantime. The public interest also weighs in favor of allowing Mr. Ortega Gonzalez to continue his research on restoration of Oregon rangelands affected by wildfires.

A fourteen-day temporary restraining order will prevent irreparable harm while allowing the parties time to conduct any needed discovery and more fully brief the issues. The Court also waives the bond requirement of Rule 65. *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009).

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Temporary Restraining Order (ECF No. 9) is GRANTED. Defendants are ENJOINED for a period of fourteen days from April 21, 2025, as follows: 1) Defendants shall restore Plaintiff's F-1 student record in the Student and Exchange Visitor Information System (SEVIS); 2) Defendants shall set aside the April 4, 2025 F-1 student record termination as to Plaintiff; 3) Defendants shall not terminate Plaintiff's student record in SEVIS absent a valid ground as set forth in 8 C.F.R. §§ 214.1(d)(g); 214.2(f). 4) Defendants are prohibited from detaining or transferring Plaintiff out of this Court's

3 – OPINION AND ORDER

jurisdiction, or ordering the detention or transfer of Plaintiff out of this Court's jurisdiction, as a result of the termination of the F-1 student record in SEVIS on April 4, 2025; and 5) Defendants are prohibited from initiating removal proceedings against or deporting Plaintiff on the basis of the April 4, 2025 termination of the F-1 student record in SEVIS. It is furthered ORDERED that the security requirement of Rule 65(c) is waived.

IT IS SO ORDERED.

      DATED this 24th day of April, 2025.

                                 /s/ Michael McShane
                                  Michael McShane
                          United States District Judge